IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2157-FL

|  |  |  |
|---|---|---|
| MISSAELLE MORALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JONATHAN C. MINER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on respondent's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (DE # 7).* This motion is ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF THE CASE

On July 19, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons ("BOP") failed to credit his sentence for the period of time from March 13, 2000, the date his state sentence began through March 27, 2001, the day before his federal sentence commenced.

On December 29, 2010, respondent filed a motion for summary judgment, arguing that the Bureau of Prisons ("BOP") properly calculated petitioner's sentence. Although he was notified of respondent's motion, petitioner failed to respond.

---

* Because the parties have attached matters that are outside of the pleadings, respondent's motion captioned "motion to dismiss, or in the alternative, motion for summary judgment" will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d).

## STATEMENT OF FACTS

On November 6, 1998, petitioner was indicted in the United States District Court for the Southern District of Georgia, on the charge of conspiracy to possess with intent to distribute and distribute cocaine. Goulet Decl. ¶ 5. On November 19, 1998, petitioner was arrested by Massachusetts state law enforcement authorities on state charges related to his federal offense. Id. at ¶ 6. On March 8, 2000, petitioner was sentenced in Massachusetts state court to a term of seven to ten (10) years imprisonment for conspiracy. Id. at ¶ 7. His state sentence was stayed upon imposition, and did not commence until March 13, 2000. Id. Petitioner received four hundred seventy-nine (479) days of prior custody credit toward his state sentence from the date following his arrest by state authorities on November 20, 1998, through March 12, 2000, the day prior to the commencement of his state sentence. Id.

On September 12, 2000, petitioner was transferred to federal custody pursuant to a federal writ of habeas corpus ad prosequendum to attend his initial appearance in federal court. Id. at ¶ 8. On March 28, 2001, the United States District Court for the Southern District of Georgia sentenced petitioner to a term of one hundred eighty (180) months of imprisonment for conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine. Id. at ¶ 9. The court ordered petitioner's federal sentence to run concurrent to his previously imposed Massachusetts state sentence. Id. Following his federal sentencing, petitioner was returned to state custody for service of the remainder of his state sentence. Id. at ¶ 10.

The BOP prepared a sentence computation for petitioner. Id. at ¶ 12. The BOP determined that petitioner's sentence began on March 28, 2001, the date it was imposed. Id. The BOP additionally provided petitioner with four hundred eighty (480) days of prior custody credit for the

2

period of time he spent in non-federal pre-sentence custody following his state arrest, and prior to the commencement of his state sentence, i.e., November 19, 1998 through March 12, 2000. Id. Petitioner is scheduled to be released from BOP custody on December 28, 2012. Id.

### DISCUSSION

A.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.     Analysis

The authority to calculate a federal inmate's period of incarceration of the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP. See United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating a federal sentence, the BOP considers two issues: (1) when the federal sentence commenced, and (2) the extent to which the defendant may receive credit for time spent in custody prior to commencement of the sentence. See 18 U.S.C. § 3585; see also Rudd v. DeWalt, No. 5:03-HC-713-BO, 2004 WL 3246979, at *2 (E.D.N.C. July 19, 2004), aff'd, 120 F. App'x 513 (4th Cir. 2005) (unpublished).

3

A term of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentences at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). For offenses committed after November 1, 1987, the commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1)     as a result of the offense for which the sentence was imposed; or
>
> (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Id. § 3585(b). The defendant cannot, however, receive credit on a term of imprisonment that already has been awarded on another sentence. See Dais v. La Manna, No. 9:05-2797, 2006 WL 2642604, at *6 (D.S.C. Sept. 13, 2006), aff'd, 224 F. App'x 292 (4th Cir. 2007) (unpublished).

An exception to the requirements set forth in § 3585(b) allows the BOP to grant prior custody credit, even if it results in a double credit toward a state sentence, when two conditions are met: (1) an inmate's state and federal sentences run concurrently; and (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date. See Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971). If, as in this case, these two circumstances are met, then credit is given toward the federal sentence for time spent in state pre-sentence custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence. Id. The BOP formally adopted the Willis exception for crediting pre-sentence state detention time in Program Statement 5880.28, Sentence Computation Manual.

4

In this case, the BOP has computed petitioner's federal sentence as commencing on March 28, 2001, the date it was imposed. Petitioner received <u>Willis</u> credit toward his federal sentence for the time he spent in state custody following his November 19, 1998 arrest, but prior to the commencement of his state sentence on March 12, 2000. Goulet Decl. ¶ 12. Petitioner states that he also is entitled to federal credit for the time he served after the commencement of his state sentence on March 13, 2000, but before the imposition of his federal sentence on March 27, 2001. <u>Willis</u>, however, does not provide custody credit for this time period because petitioner received such credit on his state sentence. See <u>Willis</u>, 438 F.2d at 925; <u>see also</u> 18 U.S.C. § 3585(b); <u>DeJesus v. Zenk</u>, 374 F. App'x 245, 247 (3d Cir. 2010) (unpublished) ("[T]he reasoning in the '<u>Willis</u>[] line of cases' does not permit federal credit for time served 'after the state sentence was imposed but before the federal sentence was pronounced.'"); <u>Neal v. Drew</u>, No. 2:09-244-PMD, 2010 WL 1254873, at *4 (D.S.C. Mar. 23, 2010). Based upon the foregoing, petitioner is not entitled to sentence credit for the time period of March 13, 2000 through March 27, 2001. Thus, respondent's motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 7) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the _1ᵗ_ day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

5